# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**FRANK SLEDGE, JR. ,**

    **Plaintiff,**

**v.**               **Case No: 6:21-cv-736-RBD-DCI**

**ANTHEM, INC.,**

    **Defendant.**

_____

## ORDER

   Before the Court are three related motions: Defendant's Motion for an Extension (Doc. 58); Plaintiff's Motion for an Extension (Doc. 59); and Defendant's Motion to Compel (Doc. 60) (collectively, the Motions).  Due to the time-sensitive issues presented by the Motions and the Court's familiarity with the specific issues raised by the Motions—i.e., the Motions generally present a continuation of issues previously ruled upon, *see* Doc. 55—the Court does not require a formal response to any of the Motions to rule upon them.  *See Bedgood v. Wyndham Vacation Resorts, Inc.*, 2022 WL 1212165, at *3 n.5 (M.D. Fla. Mar. 30, 2022) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).  The Court addresses each motion in turn.

   First, Defendant's Motion for an Extension (Doc. 58).  Defendant seeks to extend: (a) the discovery deadline to October 21, 2022 solely to obtain documents from Plaintiff and continue Plaintiff's deposition; (b) the mediation deadline to October 28, 2022; and (c) the dispositive motion deadline to November 11, 2022.  *Id.* at 24.  These small extensions will not disrupt the trial date in this case.  Pursuant to Rule 16(b)(4), the Court finds that Defendant has shown good cause for these extensions.  *See* Doc. 58 at 18–20.  Further, pursuant to the CMSO, Doc. 39 at 8, the Court finds that Defendant has also shown manifest injustice will result if these extensions are not

granted.  *See* Doc. 58 at 20–24.  Accordingly, Defendant's Motion for an Extension (Doc. 58) is due to be granted.

Next, Plaintiff's Motion for an Extension (Doc. 59).  Plaintiff seeks to extend all CMSO deadlines to at least December 30, 2022.  Doc. 59.  This would represent a roughly 90-day extension of the discovery deadline and a roughly 60-day extension of the dispositive motion deadline.  *Id.*  As an initial matter, discovery in this case has been fully open since at least March 1, 2022.  Doc. 39.  While Plaintiff explains he has medical conditions that require many medical appointments, Plaintiff only attaches evidence of appointments dating back to July 1, 2022.  Doc. 59 at 6–7.  Moreover, the bulk of the appointments appear to have occurred in August of 2022.  *Id.* In the Motion, Plaintiff does not explain why he was unable to conduct or produce discovery at any point from March 1, 2022 to July 1, 2022.

Plaintiff repeatedly asserts that Defendant, by generally litigating this case, is exacerbating Plaintiff's health issues—Plaintiff even accuses Defendant of trying to kill him.  Doc. 52 at 5 n.3. While, again, the Court does not doubt the authenticity of Plaintiff's medical conditions, the Court is not persuaded to grant the requested extension.  Plaintiff's requested, and relatively large, extension would substantially disrupt the proceedings in this case.  Further, it bears noting that this is Plaintiff's case—Plaintiff chose to file his case in this Court and Plaintiff chose to proceed *pro se*.  Indeed, at the preliminary pretrial conference the Court thoroughly explained the requirements, and the possible consequences, of proceeding *pro se*.  Docs. 32, 33.  The Court also granted Plaintiff additional time (45 days) to file an amended complaint, specifically so he would have an opportunity to retain counsel if he so desired.  *Id.*

In sum, Plaintiff has not stated good cause justifying his failure to adequately participate in discovery, let alone good cause to extend all deadlines to at least December 30, 2022.  However,

as the Court is extending the deposition deadline for Defendant to take Plaintiff's deposition, the Court finds that Plaintiff is due the same extension to take the deposition of his former supervisor, if Plaintiff so wishes.  Plaintiff's Motion for an Extension (Doc. 59) is due to be denied in all other respects.

Finally, Defendant's Motion to Compel (Doc. 60).  Defendant seeks to compel Plaintiff to produce documents contained on a USB drive that Plaintiff possesses.  Alternatively, as the USB drive contains many relevant emails, Defendant seeks to have Plaintiff search his email account and turn over any relevant emails.  During his deposition on September 27, 2022, Plaintiff revealed that he possessed this USB drive, and that the USB drive contains relevant and responsive documents.  Doc. 60-4 at 45–52.  Plaintiff asserted that he had technological issues accessing the USB drive.  *Id.*

The Court previously ordered Plaintiff to produce all responsive documents on or before September 23, 2022, so Plaintiff appears to have failed to comply with that Order.  Doc. 55. Accordingly, the Motion to Compel (Doc. 60) is due to be granted in part, such that on or before October 19, 2022, Plaintiff shall produce all responsive documents that are contained on the USB drive[1] and shall also produce all responsive documents contained within his email account.  *See* Doc. 51-1.  The Motion to Compel (Doc. 60) is denied as to awarding attorney fees.  As the Court is ruling on this motion without a response from Plaintiff due to the time-sensitive nature of the issue, the Court finds that this circumstance makes an award of attorney fees unjust.  Fed. R. Civ. P. 37(a)(5)(A)(iii).  Plaintiff is cautioned that a failure to provide responsive documents by this deadline may subject him to sanctions under Rule 37, up to and including dismissal of his case. Fed. R. Civ. P. 37(b)(2).

---

[1] Plaintiff may also provide the USB drive itself to Defendant.  Doc. 60 at 3.

As a final matter, due to the relatively short time to comply with this Order, the Court will also order Defendant to provide a copy of this Order to Plaintiff's email.  On or before October 14, 2022, Defendant shall send a copy of this Order to Plaintiff's email and shall file a notice certifying same.

Accordingly, for the foregoing reasons, it is hereby **ORDERED** as follows:

1) Defendant's Motion for Extension (Doc. 58) is **GRANTED**, such that:

   a. The discovery deadline is extended to October 21, 2022, for the limited purpose of allowing Defendant to obtain documents from Plaintiff and to take Plaintiff's deposition;

   b. The mediation deadline is extended to October 28, 2022;

   c. The dispositive motion deadline is extended to November 11, 2022;

2) Plaintiff's Motion for Extension is **GRANTED in part**, such that:

   a. On or before October 21, 2022, Plaintiff may take the deposition of his former supervisor;

   b. Plaintiff's Motion for Extension is **DENIED** in all other respects;

3) Defendant's Motion to Compel (Doc. 60) is **GRANTED in part**, such that:

   a. **On or before October 19, 2022**, Plaintiff shall produce all responsive documents (*see* Doc. 51-1) that are contained on the USB drive and shall also produce all responsive documents contained within his email account;

   b. Defendant's Motion to Compel (Doc. 60) is **DENIED** in all other respects; and

4) **On or before October 14, 2022**, Defendant shall send a copy of this Order to Plaintiff's email and shall file a notice certifying same.

**ORDERED** in Orlando, Florida on October 12, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties